1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

9  BARBARA LYNN CHAVEZ,              CV F   05-00490 REC DLB HC

10              Petitioner,          ORDER DIRECTING RESPONDENT TO
                                     SUBMIT RESPONSIVE PLEADING
11      v.
                                     ORDER SETTING BRIEFING SCHEDULE
12
   GLORIA HENRY, WARDEN,             ORDER DIRECTING CLERK OF COURT TO
13                                   SERVE ORDER ON ATTORNEY GENERAL
              Respondent.
14  _____/

15
16         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17  pursuant to 28 U.S.C. § 2254.

18         On May 19, 2005, the Court issued an order directing Respondent to file a response to the

19  petition within ninety (90) days from the date of service.  Over ninety (90) days have passed and

20  no response was received.

21         The Court has reviewed the docket in this case and it appears that the Clerk of Court

22  inadvertently did not electronically serve the Court's order on Respondent.  As such, Respondent

23  did not receive notice of the court's order and cannot be faulted for her failure to respond.  The

24  Court apologizes for any inconvenience or confusion and are advised that a new briefing

25  schedule will be set by this order.

26         The Court has conducted a preliminary review of the Petition.  Accordingly, pursuant to

27  Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil

28

1   Procedure,[1] the Court HEREBY ORDERS:

2       1.     Respondent SHALL SUBMIT a RESPONSIVE pleading by filing one of the

3          following:

4           A.    AN ANSWER addressing the merits of the Petition and due within

5              **NINETY (90)** days of the *date of service* of this order.  Rule 4, Rules

6              Governing Section 2254 Cases; <u>Cluchette v. Rushen</u>, 770 F.2d 1469,

7              1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing an

8              Answer.).

9             –    Respondent SHALL INCLUDE with the Answer any and all

10                 transcripts or other documents necessary for the resolution of the

11                 issues presented in the Petition. Rule 5 of the Rules Governing

12                 Section 2254 Cases.

13             –    Any argument by Respondent that Petitioner has *procedurally*

14                 *defaulted* a claim(s) SHALL BE MADE in an ANSWER that also

15                 addresses the merits of the claims asserted. This is to enable the

16                 Court to determine whether Petitioner meets an exception to

17                 procedural default. <u>See</u>, <u>Paradis v. Arave</u>, 130 F.3d 385, 396 (9th

18                 Cir. 1997) (Procedurally defaulted claims may be reviewed on the

19                 merits to serve the ends of justice);  <u>Jones v. Delo</u>, 56 F.3d 878 (8th

20                 Cir. 1995) (the answer to the question that it is more likely than not

21                 that no reasonable juror fairly considering all the evidence,

22                 including the new evidence, would have found Petitioner guilty

23                 beyond a reasonable doubt necessarily requires a review of the

24                 merits).

25

26          [1]The Federal Rules of Civil Procedure are "applicable to habeas corpus proceedings to the extent that the

27   practice in such proceedings are not set forth in the statutes of the United States and has heretofore conformed to the practice of civil actions." Fed.R.Civ.P. 81(a)(2).  Rule 11 also provides "the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to the petitions filed under

28   these rules." Rule 11, Rules Governing Section 2254 Cases.

–        Petitioner's TRAVERSE, if any, is due **THIRTY (30)** days from the date Respondent's Answer is filed with the Court.

B.        A MOTION TO DISMISS due within **SIXTY(60)** days of the *date of service* of this order based on the following grounds:[2]

   i.        EXHAUSTION - 28 U.S.C. § 2254(b)(1).  A Motion to Dismiss for Petitioner's failure to exhaust state court remedies SHALL INCLUDE copies of all the Petitioner's state court filings and dispositive rulings relevant to the examination of the statute limitations issue as required by Ford v. Hubbard, 330 F.3d 1086 (9th Cir. 2003) and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003);

   ii.       STATUTE OF LIMITATIONS - 28 U.S.C. § 2244(d)(1).  A Motion to Dismiss the Petition as filed beyond the one year limitations period SHALL INCLUDE copies of all Petitioner's state court filings and dispositive rulings.

   iii.      SECOND OR SUCCESSIVE Petitions - 28 U.S.C. § 2244(b).  A Motion to Dismiss the Petition on the basis of § 2244(b) SHALL include a copy of the previously filed federal Petition and disposition thereof.

2.        OPPOSITIONS to Motions to Dismiss SHALL be served and filed within EIGHTEEN (18) days, plus three days for mailing.  All other Oppositions SHALL be served and filed within EIGHT (8) days, plus three days for mailing. REPLIES to Oppositions to Motions to Dismiss SHALL be served and filed within eight (8) days, plus three days for mailing.  Replies to Oppositions to all other Motions

---

[2]Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that summary dismissal is inappropriate, the "judge shall order the respondent to file an answer or *other pleading . . . or to take such other action as the judge deems appropriate*." Rule 4, Rules Governing Section 2254 Cases (emphasis added); see, also, Advisory Committee Notes to Rule 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust); also, White v. Lewis, 874 F.2d 599, 60203 (9th Cir.1989) (providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding.)

SHALL be served and filed within eight (8) days, plus three days for mailing.  If no opposition is filed, all motions are deemed submitted at the expiration of the opposition period.

3.    Unless already submitted, both Respondent and Petitioner SHALL COMPLETE and RETURN to the Court along with the Response or Motion to Dismiss, a Consent form indicating whether the party consents or declines to consent to the jurisdiction of a the United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

4.    RESPONDENT SHALL submit a Notice of Appearance as attorney of record within **SIXTY (60)** days of the date of service of this order for purposes of service of court orders.  See, Local Rule 83-182(a), 5-135(c).

5.    The Clerk of the Court is DIRECTED to SERVE a copy of this order along with a copy of the PETITION and any exhibits/attachments, on the Attorney General or his representative.[3]

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.  Local Rule 78-230(h).  All provisions of Local Rule 11-110 are applicable to this order.

IT IS SO ORDERED.

**Dated:    September 7, 2005**                              **/s/ Dennis L. Beck**
3b142a                                                                    UNITED STATES MAGISTRATE JUDGE

---

[3]If, however, the Petition was filed on January 3, 2005, or thereafter, the Clerk of the Court need not serve a copy of the Petition on the Attorney General or his representative. A scanned copy of the Petition is available in the Court's electronic case filing system ("CM/ECF").