# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA LYNN CHAVEZ, | CV F 05-00490 REC DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| | [Doc. 13] |
| GLORIA HENRY, WARDEN, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

BACKGROUND[1]

On September 23, 1999, in the Kern County Superior Court, a jury convicted Petitioner of the following: murder (Cal. Pen. Code,[2] § 187(a)), entry with intent to commit larceny or any felony (§ 460(b)), attempted armed robbery (§§664/212.5(c)), and conspiracy to commit robbery

---

[1] This information is derived from the petition for writ of habeas corpus and Respondent's motion to dismiss.

[2] All further statutory references are to the California Penal Code unless otherwise indicated.

1

(§§ 212.5(c) & 182(a)(1)).  The trial court found true all enhancement allegations.  (§§ 212.5(c), 190.2(a)(17)(A), 190.2(a)(17)(G), 12022(a)(1).)  (Lodged Item No.1 [CT 1363-1365].)  On October 22, 1999, Petitioner was sentenced to life without the possibility of parole on the murder conviction, plus one year for the firearm enhancement.  The prison terms for counts two, three, and four were stayed pursuant to section 654.  (Lodged Item No. 2 [CT 1514].)

On or about July 5, 2000, Petitioner filed the opening brief in her direct appeal to the California Court of Appeal, Fifth Appellate District.  (Lodged Item No. 3.)

On November 16, 2001, the Fifth District Court of Appeal affirmed the judgment in its entirety.  (Lodged Item No. 6.)

On December 20, 2001, Petitioner filed a petition for review with the California Supreme Court.  The petition was denied on January 29, 2002.  (Lodged Item No. 7.)

On or about January 28, 2003, Petitioner filed a petition for writ of habeas corpus with the Kern County Superior Court.  The petition was denied on February 11, 2003.  (Lodged Item No. 8.)

On November 18, 2003, Petitioner filed a petition for writ of habeas corpus with the Fifth District Court of Appeal.  The petition was denied on December 11, 2003.  (Lodged Item No. 9.)

On May 3, 2004, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court.  That petition was denied on March 23, 2005.  (Lodged Item No. 10.)

On April 13, 2005, Petitioner filed the instant petition for writ of habeas corpus.  Pursuant to this Court's order of September 8, 2005, Respondent filed the instant motion to dismiss arguing that the petition contains both exhausted and unexhausted claims.  Petitioner did not file an opposition.

///

DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.   Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge her conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,

829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66, 115 S.Ct. at 888; <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated her due process rights "he must say so, not only in federal court but in state court." <u>Duncan</u>, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See <u>Anderson v. Harless</u>, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); <u>Gray v. Netherland</u>, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir.1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998). In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner

4

wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the instant petition, Petitioner raises seven grounds for relief. Respondent argues that Ground Two of the petition was not exhausted, thus, resulting in a mixed petition. The Court will address each claim separately.

    1.    <u>Ground One</u>

In Ground One, Petitioner claims that statements she gave police were in violation of *Miranda* and her Fifth Amendment privilege and therefore should have been inadmissible. Consequently, Petitioner claims the error resulted in harm, requiring reversal and remand for a new trial. (Petition at 23-34.)

As Respondent submits, Petitioner presented this claim to the California Supreme Court in a petition for review filed December 20, 2001. (<u>See</u> Lodged Item No. 7 at 6-14.) Therefore, this claim is exhausted.

5

2.     Ground Two

In Ground Two, Petitioner contends that the trial court's failure to give CALJIC No. 3.18 was prejudicial error requiring reversal. (Petition at 35-39.)

This claim was presented to the California Supreme Court in a petition for review filed December 20, 2001. (See Lodged Item No. 7 at 15.) Respondent argues that Petitioner did not properly present this claim as a federal claim to the state's highest court. Respondent is correct.

As previously stated, in order for a Petitioner to have fairly presented her claim to the state's highest court, she must present the claim based on federal law. See Shumway v. Payne, 223 F.3d at 987-88. For purposes of exhausting state remedies, a claim for relief must include reference to a specific federal constitutional guarantee. Gray v. Netherland, 518 U.S. 152, 162-163 (1996); see also Shumway v. Payne, 223 F.3d at 998 (a claim is not "fairly presented" to the state court unless the petitioner "specifically indicated to the state court that those claims were based on federal law"). It is not sufficient that the federal basis of the claim is "self-evident." Lyons v. Crawford, 232 F.3d at 668. Petitioner did not do such in this instance. In fact, in the petition for review submitted to the California Supreme Court, Petitioner specifically argued that the issue presented was whether "the trial court err[ed] prejudicially under *state law* in failing to instruct *sua sponte* regarding distrust of accomplice testimony?" (Respondent's Lodged Item No. 7, at 2.) (emphasis added.) Petitioner did not argue that the failure to instruct the jury violated the United States Constitution. See e.g. Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998) (the allegation that the absence of a *mens rea* requirement in certain jury instructions constituted error did not exhaust federal claim since it was not argued in the state court briefs that the omission violated the United States Constitution.)

Further, the failure to apprise a state court of the federal nature of a claim is "especially

6

pronounced" where the Petitioner explicitly characterized other claims in state court as violating specific and identified federal constitutional rights. Lyons v. Crawford, 232 F.3d at 670. As Respondent submits, that is not the case here. The other claim presented in the petition for review (see Lodged Item No. 7) is a claim alleging a *Miranda* violation with specific reference to the Fifth Amendment (see ante, Ground One); the federal nature of the claim was presented. A comparison of the two claims presented in the petition for review reveals this claim was presented as a state constitutional violation only. Therefore, because this claim has not been fairly presented to this state's highest court, it is not exhausted for purposes of federal habeas corpus review and must be dismissed.

    3.    <u>Ground Three</u>

In Ground Three, Petitioner contends that trial counsel provided ineffective assistance for the following reasons: (1) failure to investigate all avenues of defense; (2) failure to conduct appropriate voir dire; (3) failure to inform the court of misconduct by the prosecution and investigating officers; (4) failure to interview crucial witnesses; (5) failure to call certain witnesses to testify in order to impeach prosecution witness; (6) failure to call a "coercion expert" on Petitioner's behalf; (7) failure to question defense witnesses about misconduct by investigating officers; (8) failure to subpoena Ortiz's cell phone records; (9) failure to request appropriate jury instructions, including a "drug addict instruction;" and (10) failure to prepare an adequate closing argument. (Petition at 6, 11-16, 40-44.)

As Respondent submits, Petitioner presented this claim to the California Supreme Court in a petition for writ of habeas corpus filed May 3, 2004. (<u>See</u> Lodged Item No. 10 at 14-19, 26-30.) Therefore, Petitioner has adequately exhausted this claim.

///

### 4. Ground Four

In Ground Four, Petitioner contends that the prosecutor engaged in misconduct by presenting the testimony of Serafin and Rasch when she knew their testimony was false.

Petitioner presented this claim to the California Supreme Court in a petition for writ of habeas corpus filed May 3, 2004. (See Lodged Item No. 10 at 20-21, 31-32.) Therefore, Petitioner has adequately exhausted this claim.

### 5. Ground Five

In Ground Five, Petitioner alleges her conviction was the result of misconduct by investigating officers, leading to a coerced confession in violation of her rights pursuant to the Sixth and Fourteenth Amendments of the United States Constitution. (Petition at 6(a), 19-20, 47-48.)

Petitioner presented this claim to the California Supreme Court in a petition for writ of habeas corpus filed May 3, 2004. (See Lodged Item No. 10 at 24-25, 37-38.) Therefore, Petitioner has adequately exhausted this claim.

### 6. Ground Six

In Ground Six, Petitioner alleges that her conviction was the result of "cumulative error" in violation of her due process rights. More particularly, Petitioner claims the trial court's "denial to allow further impeachment evidence," the state court determination of harmless error concerning statements Petitioner made, and the state court determination that the trial court's failure to give CALJIC No. 3.18 was harmless error, in combination denied her right to due process. (Petition, at 6(a), 21, 49-50.)

Petitioner presented this claim to the California Supreme Court in a petition for writ of habeas corpus filed May 3, 2004. (See Lodged Item No. 10 at 23, 35-36.) Therefore, Petitioner

had adequately exhausted this claim.

      7.      Ground Seven

In Ground Seven, Petitioner contends that her conviction was obtained as the result of insufficient evidence in violation of her right to due process.  Specifically, Petitioner complains there was insufficient evidence to support her conviction for conspiracy.  (Petition at 6(a), 22, 51-52.)

Petitioner presented this claim to the California Supreme Court in a petition for writ of habeas corpus filed May 3, 2004.  (See Lodged Item No. 10 at 22, 33-34.)  Therefore, Petitioner has adequately exhausted this claim.

## CONCLUSION AND RECOMMENDATION

In sum, the instant petition for writ of habeas corpus is a mixed petition containing both exhausted and unexhausted claims.  The Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the claims if he can do so.  See Rose, 455 U.S. at 521-22; Gordon, 107 F.3d at 760.  However, Petitioner must be provided with an opportunity to withdraw the unexhausted claims and go forward with the exhausted claims. Jefferson v. Budge, 419 F.3d 1013 (9th Cir.2005); Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir.2000) ("district courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal").

Petitioner may, at her option, move to withdraw the unexhausted claims within thirty (30) days of the date of service of this Recommendation and proceed with only the exhausted claims.  Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).  If petitioner fails to withdraw the unexhausted claims within the thirty (30) day time frame, the entire petition will be dismissed so Petitioner can return to state court to exhaust the remainder of her claims before filing a new

federal petition. Rose, 455 U.S. at 520; Guizar v. Estelle, 843 F.2d at 372. This dismissal will not bar Petitioner from returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.1995). However, this does not mean that Petitioner will not be subject to the one year statute of limitations imposed by Title 28 U.S.C. § 2244(d). In most cases, the one year period starts to run on the date the California Supreme Court denied Petitioner's direct review. See id. Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court. Duncan v. Walker, 121 S.Ct. 2120, 531 U.S. 991 (2001).

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     November 17, 2005                          /s/ Dennis L. Beck
3b142a                                          UNITED STATES MAGISTRATE JUDGE