# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA LYNN CHAVEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>GLORIA HENRY, WARDEN,<br><br>　　　　Respondent.　　　　　　／ | CV F   05-00490 OWW DLB (NEW DJ) HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S SECOND MOTION TO DISMISS<br><br>[Doc. 21] |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

PROCEDURAL HISTORY

　　　　On September 23, 1999, in the Kern County Superior Court, a jury convicted Petitioner of the following: murder (Cal. Pen. Code,[1] § 187(a)), entry with intent to commit larceny or any felony (§ 460(b)), attempted armed robbery (§§ 664/212.5(c)), and conspiracy to commit robbery (§§ 212.5(c) & 182(a)(1)).  The trial court found true all enhancement allegations.  (§§ 212.5(c), 190.2(a)(17)(A), 190.2(a)(17)(G), 12022(a)(1).)  (Lodged Item No.1 [CT 1363-1365].)  On October 22, 1999, Petitioner was sentenced to life without the possibility of parole on the murder conviction, plus one year for the firearm enhancement.  The prison terms for counts two, three, and four were stayed pursuant to section 654.  (Lodged Item No. 2 [CT 1514].)

　　　　On or about July 5, 2000, Petitioner filed the opening brief in her direct appeal to the

---

[1] All further statutory references are to the California Penal Code unless otherwise indicated.

1

California Court of Appeal, Fifth Appellate District. (Lodged Item No. 3.)

On November 16, 2001, the Fifth District Court of Appeal affirmed the judgment in its entirety. (Lodged Item No. 6.)

On December 20, 2001, Petitioner filed a petition for review with the California Supreme Court. The petition was denied on January 29, 2002. (Lodged Item No. 7.)

On or about January 28, 2003, Petitioner filed a petition for writ of habeas corpus with the Kern County Superior Court. The petition was denied on February 11, 2003. (Lodged Item No. 8.)

On November 18, 2003, Petitioner filed a petition for writ of habeas corpus with the Fifth District Court of Appeal. The petition was denied on December 11, 2003. (Lodged Item No. 9.)

On May 3, 2004, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. That petition was denied on March 23, 2005. (Lodged Item No. 10.)

On April 13, 2005, Petitioner filed the instant petition for writ of habeas corpus. Pursuant to this Court's order of September 8, 2005, Respondent filed a motion to dismiss arguing that the petition was "mixed" containing both exhausted and unexhausted claims. Petitioner did not file an opposition.

On November 17, 2005, the Court issued Findings and Recommendations recommending that Respondent's motion to dismiss be granted, and Petitioner was advised that she could either move to withdraw the unexhausted claim, or the entire petition would be dismissed, without prejudice.

On this same date, Petitioner filed a motion to amend the petition to delete the unexhausted claim, and a motion to accept the delinquent amended petition. On January 4, 2006, the Court vacated the Findings and Recommendations of November 17, 2005, and directed the Clerk of Court to file the amended petition. The Court further directed Respondent to submit a response to the amended petition.

On March 3, 2006, the date of which Respondent was directed to file an answer to the amended petition, Respondent filed a motion to dismiss the amended petition as untimely, in light of the United States Supreme Court decision of Evans v. Chavis, ___ U.S. ___, 126 S.Ct.

846 (2006).

Petitioner filed an opposition to Respondent's motion to dismiss on June 8, 2006.

In footnote 1 of the motion to dismiss, Respondent acknowledges that the Court's order of January 3, 2006, directed Respondent to file an answer to the amended petition, and in fact an answer has been drafted, but Respondent opted to file a motion to dismiss in light of Evans v. Chavis, and if directed by the Court, the answer will be filed forthwith.

Although Respondent has not specifically requested leave to file a supplemental motion to dismiss past the deadline, the Court construes Respondent's motion to be such a request, and grants said request.[2]  And because the Court is recommending to grant Respondent's instant motion based on the foregoing analysis, the filing of an answer is moot and unnecessary.

## DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

---

[2] Respondent is advised that in the future request should be sought when attempting to file a dispositive motion past the dispositive motion deadline, even in light of new authority.

3

of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on October 14, 2004, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner was convicted on September 23, 1999. Direct review would conclude on April 29, 2002, when the ninety (90) day period for seeking review in the United States Supreme Court expired.[3] Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (concluding period of "direct review" includes the period within which one can file a petition for writ of certiorari in the United States Supreme Court); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir. 1998). Thus, Petitioner had one year

---

[3] See Sup.Ct.R. 13(1)

1  from April 29, 2002, in which to file his federal Petition for Writ of Habeas Corpus.  See Kelly,
2  127 F.3d at 784; see also Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that
3  Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling
4  applicable to the one year limitations period.)  Therefore, the statute of limitations was set to
5  expire on April 29, 2003.  Petitioner did not file the instant petition until April 13, 2005.

C.        Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final challenge, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), so long as the subsequent filings occurred within a reasonable time.  Evans v. Chavis, __ U.S. __, 126 S.Ct. 846, 853-54 (2006); Carey v. Saffold, 536 U.S. 214 (2002).  The limitations period, however, will not toll for the time a petition for writ of habeas corpus is pending in federal court.  Duncan v. Walker, 533 U.S. 167 (2001).

In Evans v. Chavis, the Supreme Court held that when the state court denies a state habeas petition without any explanation or indication as to timeliness, the federal court must conduct its own inquiry to determine whether the state habeas petition was filed within a "reasonable time."  126 S.Ct. at 852.  However, where there is a "clear indication that a particular request for appellate review was timely or untimely," there is no need to conduct such an independent examination.  Id.

As Respondent submits, at the time Petitioner filed the first state habeas corpus petition in the Kern County Superior Court on January 28, 2003, 274 days had elapsed against the statutory period.  The Kern County Superior Court denied the petition on February 11, 2003. (See Lodged Item No. 8 to Court Doc. 13.)  The statute of limitations was tolled from January 28, 2003, to February 11, 2003.  Nino v. Galaza, 183 F.3d at 1005.

Petitioner next filed a state habeas corpus petition on November 18, 2003, in the Fifth District Court of Appeal, allowing 280 days to elapse against the statutory period.  The petition

was summarily denied, without comment, on December 11, 2003. (See Lodged Item No. 9 to Court Doc. 13.)

Then an additional 144 days[4] elapsed following the Fifth District Court's denial of December 11, 2003, until Petitioner filed a petition for writ of habeas corpus with the California Supreme Court on May 3, 2004. (See Lodged Item No. 10 to Court Doc. 13.) The petition was summarily denied, without comment or citation on March 23, 2005. (See Lodged Item No. 10 to Court Doc. 13.)

Under California law, as recognized in Chavis, a habeas corpus petition "must be filed within a reasonable time after the petitioner or counsel knew, or with due diligence should have known, the facts underlying the claim as well as the legal basis of the claim." In re Harris, 5 Cal.4th 813; 855 P.2d 391, 398 n.7 (1993). The issue in this case turns on whether Petitioner filed her state habeas corpus petitions within a reasonable time, warranting entitlement to statutory tolling.

Respondent argues that, in light of Chavis, the unjustified delay of over 700 days (between the state habeas petitions) does not qualify for statutory tolling.

In opposition, Petitioner contends that the delay between filings was reasonable, based on a number of different factors. Petitioner's delay and reasons therefore can be broken down into two separate groups. The delay between the denial of her state habeas corpus petition filed in the Kern County Superior Court (2/11/03 to 11/18/03) to filing at the Fifth District Court of Appeal, and the delay between the denial of her habeas petition filed in the Fifth District Court of Appeal to filing with the California Supreme Court (12/11/03 to 5/03/04).

1. Delay Between Denial by Kern County Superior Court and Filing at Fifth District Court of Appeal

As previously stated, the Kern County Superior Court denied Petitioner's state petition for writ of habeas corpus on February 11, 2003. Petitioner did not file her habeas petition to the Fifth District Court of Appeal until over nine months later on November 18, 2003.

---

[4] Although both Respondent and Petitioner contend that the delay was 180 days, this appears to a miscalculation on their part.

6

Petitioner states that while her habeas was still being reviewed, she filed a motion on February 5, 2003, and two other motions between February 11 and November 18, 2003. (Opposition, at 17.) Petitioner states that she filed her first motion on June 21, 2003, with the Fifth District Court of Appeal requesting an extension of time to file her petition for writ of habeas corpus at that court. (Exhibit 31, attached to Opposition.) The Fifth District Court of Appeal responded by letter dated June 25, 2003, stating that "the reasonableness of any delay will be evaluated upon the filing of the petition." (Id.) Petitioner contends that her second motion was filed on August 6, 2003, in the Kern County Superior Court, and was denied on February 10, 2004, after a February 3, 2004, inquiry letter by Petitioner. (Opposition, at 17; Exhibit 32; Exhibit 35, attachment B.) This motion was a request for the trial court to release the jury voir dire and jury questionnaire. (Exhibit 32, attached to Opposition.) The Superior Court denied the motion on the ground that "no discovery can be ordered in a habeas corpus proceeding prior to the issuance of an order to show cause." (Exhibit 35, attachment B, to Opposition.)

Petitioner's justification and excuse for filing his habeas petition nine months after the Superior Court denied the prior petition, are unreasonable and do not warrant "gap" tolling. First, although Petitioner filed a motion for an extension of time to file his habeas petition at the Fifth District Court of Appeal, on June 21, 2003, that was 130 days, or 4 months and 10 days after the Superior Court denied the petition. Then, after the Fifth District Court of Appeal denied the motion on June 25, 2003, specifically instructing Petitioner that the determination of whether the petition was timely filed is evaluated at the time the petition is actually filed, Petitioner waited until November 18, 2003, 146 days or 4 months and 24 days, to file her petition in that court.[5] Although Petitioner points to a motion she filed on August 25, 2003, in the Kern County Superior, requesting the trial court to release the jury voir dire and jury questionnaire, this does not render Petitioner's delay reasonable. As Petitioner points out, the motion was not addressed by the Kern County Superior Court, until February 10, 2004, after Petitioner submitted an inquiry letter on February 3, 2004. Thus, this motion did not prevent Petitioner from filing her habeas

---

[5] It is noteworthy that on June 21, 2003, Petitioner requested a 90 day extension of time at the Court of Appeal, yet Petitioner waited until November 18, 2003, 150 days to file her petition in that Court.

petition to the Fifth District Court of Appeal, as it was filed well before a ruling on her August motion, and it does not provide a basis for rendering Petitioner's delay reasonable. Further, reviewing the petition for writ of habeas corpus filed in the Kern County Superior Court and the petition filed in the Fifth District Court of Appeal, Petitioner merely elaborated on the claims already raised at the Superior Court. In sum, Petitioner has not provided sufficient justification or excuse for delaying, 280 days. The delay is more than four times the short period of time of 30 to 60 days provided by most States for filing an appeal. In addition, the California Rules provide that the People have 60 days to appeal the superior court's granting of habeas relief. Cal. Rules of Court § 1506. Therefore, the habeas petition filed in the appellate court was untimely and Petitioner is not entitled to tolling for the interval between the denial of the habeas petition in superior court and the filing of the next habeas petition in the appellate court.

    2. <u>Delay Between Denial by the Fifth District Court of Appeal and Filing at the California Supreme Court</u>

As previously stated herein, the Fifth District Court of Appeal denied Petitioner's habeas petition on December 11, 2003, and Petitioner did not file her petition at the California Supreme Court until May 3, 2004. Thus, Petitioner delayed 144 days from the appellate court's denial to filing at the California Supreme Court.

In her opposition, Petitioner contends that this delay was reasonable "due to her state created impediments throughout her state habeas process being a close A inmate having limited or no access to the law library thus to the courts, her impediments are clearly established by the numerous exhibits in this opposition." (Opposition, at 17.)

Petitioner points to no concrete justification or excuse for her delay of 144 days in filing her petition at the California Supreme Court. Petitioner's justification is nothing more than vague and conclusory assertions, devoid of factual support. The fact that Petitioner may have had limited access to the law library is immaterial, as Petitioner filed the verbatim petition at the California Supreme Court as the petition filed at the Fifth District Court of Appeal, and no further research was necessary. (<u>See</u> Court Doc. 14; Lodged Docs. 9, 10, submitted October 6, 2005)

The delay is more than twice the short period of time of 30 to 60 days provided by most States for filing an appeal. In addition, the California Rules provide that the People have 60 days to appeal the superior court's granting of habeas relief. Cal. Rules of Court § 1506. Therefore, the habeas petition filed in the California Supreme Court was untimely and Petitioner is not entitled to tolling for the interval between the denial of the habeas petition in the appellate court and the filing of the next habeas petition in the supreme court.

D.      Equitable Tolling

The limitations period is subject to equitable toling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[6] Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct (Kelly), 163 F.3d 530, 541 ((th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002); Hinton v. Pac. Enters, 5 F.3d 391, 395 (9th Cir. 1993).

Petitioner argues that a host of impediments caused her untimely filing, including limited access to the law library due to her "Close A" custody status, prison lock-downs, and limited comprehension and education. To the extent Petitioner attempts to argue that because she is a layman at law with limited education and understanding of the law, she is entitled to equitable tolling, it is without merit. See Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir.2000); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991). Petitioner's circumstances are no different than the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus. With respect to Petitioner's claim that during the

---

[6] The Supreme Court noted that it has never squarely addressed the question whether equitable tolling is available under AEDPA's statute of limitations. In Pace, the Supreme Court again declined to do so and only assumed for the sake of argument that it did, because Respondent assumed as much and Petitioner was not entitled to tolling under any standard. Pace, 544 U.S. at 418 n. 8.

period of December 1999 to December 2004, she was a "Close A" inmate and had limited access to the law library, this claim also fails. Petitioner has not alleged or established a casual link between any alleged limited access to the law library and her inability to file a timely federal petition. This is especially so, since Petitioner filed a verbatim petition in the California Supreme Court as that filed in the Court of Appeal. (See Court Doc. 14, Lodged Docs. 9, 10.) In fact, Petitioner concedes that she was allowed three hours and forty-five minutes, per week in the law library. (Opposition, at 6.) Therefore, Petitioner's claim is nothing more than a bare assertion which is insufficient to establish equitable tolling. Petitioner's limited legal knowledge, and difficulties and disruptions she encountered with periodic prison lock-downs are conditions of prison life that are not different than those experienced by the vast majority of all inmates attempting to file a petition for writ of habeas corpus. Thus, such conditions cannot be classified as "extraordinary" and do not justify equitable tolling. See United States v. Van Poyck, 980 F.Supp. 1108, 111 (C.D. Cal. 1997).

      To the extent Petitioner contends that because her family retained an attorney in New Mexico to file her habeas petition, and was informed in 2000 to 2001, by the Los Luna Police Department that the attorney had been misrepresenting the fact that she was an attorney and fraudulently collecting money, she is entitled to equitable tolling, the claim is factually baseless. (Opposition, at 13.) The fact that Petitioner may have retained an attorney and was informed in 2000 to 2001, that the attorney was engaging in fraud, has no bearing on the timeliness of Petitioner's petitions for writs of habeas corpus, as she was informed of the fraudulent practices well before her direct review even concluded on April 29, 2002, and well before she filed her first state habeas petition on January 28, 2003.

      Based on the foregoing, Petitioner has failed to demonstrate that she is entitled to equitable tolling, and the instant petition is untimely.

## RECOMMENDATION

      Accordingly, the Court RECOMMENDS that the motion to dismiss the petition for writ of habeas corpus be GRANTED, and the instant petition be DISMISSED, and the Clerk of Court be DIRECTED to enter judgment in the case.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 3, 2006                    /s/ Dennis L. Beck
3b142a                                   UNITED STATES MAGISTRATE JUDGE