UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA LYNN CHAVEZ,<br><br>　　　　Petitioner,<br><br>v.<br><br>GLORIA HENRY, WARDEN,<br><br>　　　　Respondent. | 1:05-cv-00490-OWW-DLB-HC<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 26)<br><br>**ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** (Doc. 21)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORDER DIRECTING CLERK TO ENTER JUDGMENT** |

　　Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

　　On July 3, 2006, the Magistrate Judge filed Findings and Recommendations that the motion to dismiss the petition for writ of habeas corpus be GRANTED, the instant petition be DISMISSED, and the Clerk of Court be DIRECTED to enter judgment.  These Findings and Recommendations were served on all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order.  On August 1, 2006, Petitioner

filed objections to the Findings and Recommendations.

Two of the grounds raised in Petitioner's objections deserves further discussion. In her objections, Petitioner raises the issue of applying the mailbox rule.[1] Even if the Court applied the mailbox rule to Petitioner's state collateral filings, the instant petition is still untimely. Applying the mailbox rule to the analysis set forth in the Findings and Recommendations, would render the petition for writ of habeas corpus filed in the Kern County Superior Court on January 16, 2003, the date it was apparently submitted to prison officials for mailing, versus January 28, 2003, the date it was actually filed by the Court. (See Respondent's Lodged Doc. 8.)  This would subtract 12 days from the 274 days (i.e. 262) that had run against the limitations period at the time Petitioner filed the first state collateral petition. The next filing was at the Fifth District Court of Appeal on November 14, 2003, versus November 18, 2003.  (See Respondent's Lodged Doc. 9.)  This only adds four days to the analysis, and therefore does not change the Magistrate's conclusion and analysis that the delay of 276 (versus 280) between the denial of the Kern County Superior Court petition and the filing at the Fifth District

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk.  Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988); Saffold v. Newland, 224 F.3d 1081, 1097 (9th Cir. 2000)  (applying mailbox rule to both federal and state habeas corpus petitions for purposes of the AEDPA).  The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271, 108 S.Ct. at 2382.

1  was unreasonable.  The last filing was at the California Supreme
2  Court on April 28, 2004, versus May 3, 2004.  (See Respondent's
3  Lodged Doc. 10.)  This adds five days to the analysis, and again
4  does not change or have an affect on the Magistrate's conclusion
5  and analysis that the delay of 139 (versus 144) between denial by
6  the Fifth District Court of Appeal to filing at the California
7  Supreme Court was unreasonable.
8       Petitioner further contends that on February 5, 2003, in the
9  Kern County Superior Court, she filed a "motion to backdate the
10 filing date" of her state habeas corpus. (Objections, at 10.) The
11 motion was denied by the Superior Court on March 16, 2003; however,
12 Petitioner contends that she did not receive a copy of the denial
13 order until August 12, 2003, after she submitted an inquiry letter
14 on August 1, 2003.  (Id.)  Petitioner's February 5, 2003, filing
15 does not provide a sufficient basis for finding the delay
16 reasonable.  The Kern County Superior Court denied Petitioner's
17 state habeas corpus petition on February 11, 2003.  Petitioner's
18 motion, filed February 5, 2003, merely requested that the state
19 court apply the mailbox rule and deem the petition filed as of
20 January 16, 2003.  (Exhibit 30, attached to  Opposition.)  As
21 advised in the Superior Court's March 16, 2003, which Petitioner
22 claims she did not receive until August 12, 2003, the Superior
23 Court denied Petitioner's motion on the basis that the state court
24 did not provide the mailbox rule to state habeas corpus petitions.
25 (Id.) Thus, this was not a properly filed motion, and Petitioner
26 nonetheless received the denial by the Superior Court on February
27 11, 2003.  Moreover, Petitioner waited nearly six months after
28 submitting the motion to file an inquiry letter.  Furthermore, even

3

assuming Petitioner did not receive the Superior Court's denial until August 12, 2003, Petitioner nonetheless waited an additional three more months until November 14, 2003 (applying the mailbox rule), to file her state petition in the Court of Appeal. The fact that Petitioner waited 182 days (from the date the Superior Court denied the petition on February 11, 2003, to August 12, 2003, the date she claims she received the denial order of her February 5, 2003, motion) simply for the Superior Court to backdate the petition by 12 days (to which it did not have authority to do), is simply not reasonable.  Given these facts, the Court concludes that this improperly filed and irrelevant motion does not provide a sufficient basis for Petitioner's delay of 276 days in filing her state petition at the next appellate level. Petitioner could and should have filed the second petition much sooner than November 14, 2003.

With regard to Petitioner's motion for an evidentiary hearing, filed August 15, 2006, it is DENIED, as Petitioner has failed to demonstrate a sufficient basis for either statutory or equitable tolling and an evidentiary hearing is therefore unnecessary.  28 U.S.C. § 2254(e)(2).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendations are supported by the record and proper analysis.  Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis.

Accordingly, IT IS HEREBY ORDERED that:

4

1.  The Findings and Recommendations, filed July 3, 2006, are ADOPTED IN FULL;

2.  Respondent's motion to dismiss, filed March 3, 2006, is GRANTED;

3.  All other pending motions are DENIED as MOOT;

4.  The Petition for Writ of Habeas Corpus is DISMISSED; and,

5.  The Clerk of Court shall enter judgment.

IT IS SO ORDERED.

**Dated:   January 10, 2007**          /s/ Oliver W. Wanger
emm0d6                                  UNITED STATES DISTRICT JUDGE