# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA LYNN CHAVEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>GLORIA HENRY, WARDEN,<br><br>　　　　　Respondent.<br>_____ / | CV F   05-00490 OWW DLB HC<br><br>ORDER DENYING PETITIONER'S MOTION TO VACATE JUDGMENT PURSUANT TO RULE 60(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>[Doc. 33] |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　On January 11, 2007, the Court dismissed Petitioner's petition for writ of habeas corpus and judgment was entered this same date. (Court Docs. 31, 32.)

　　　　Now pending before the Court is Petitioner's motion to vacate pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, filed January 22, 2007. (Court Doc. 33.) On January 26, 2007, Petitioner filed a notice of appeal, along with a motion for a certificate of appealability. (Court Docs. 34, 36.)

　　　　The notice of appeal effectively deprived this Court of jurisdiction to rule on Petitioner's motion for reconsideration of its prior decision to dismiss the petition. Generally, the filing of a notice of appeal divests the district court of jurisdiction with respect to all matters involved in the appeal. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam); Bermudez v. Duenas, 936 F.2d 1064, 1068 (9th Cir.1991); Gould v. Mutual Life Insurance

Company of New York, 790 F.2d 769, 772 (9th Cir.1986); Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir.1984); Davis v. United States, 667 F.2d 822, 824 (9th Cir.1982). However, a district court does have discretion to entertain a motion for reconsideration even though an appeal has been taken. Gould, 790 F.2d at 773 ("Once an appellate mandate has issued, leave of . . . [the Court of Appeal] is not required for district court consideration of Rule 60(b) motion").

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure,

> the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988). The Ninth Circuit has held that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986), *quoting* Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

In her motion for reconsideration, Petitioner contends that the Court and Respondent impeded and interfered with her ability to have the merits of her petition reviewed. Specifically, Petitioner contends that Respondent failed to comply with the Court's May 19, 2005, order to respond by failing to file a motion to dismiss on timeliness grounds when the first motion to dismiss was filed. Petitioner further contends that the Court granted Respondent a "second bite" at the apple by allowing her to file a motion to dismiss for untimeliness after failing to raise it in

the first motion to dismiss.

The Court does not find merit to Petitioner's claims. Petitioner filed the instant petition for writ of habeas corpus on April 13, 2005. On May 19, 2005, the Court directed Respondent to file a responsive pleading to the petition. (Court Doc. 5.) Respondent failed to comply with the Court's order. On August 29, 2005, Petitioner filed a motion for judgment based on Respondent's failure to respond to the Court's order. On September 8, 2005, the Court issued an order explaining that the Clerk of Court inadvertently neglected to serve Respondent electronically with a copy of the Court's May 19, 2005, order to respond. Therefore, Respondent never received notice of the Court's order and could not be held responsible for failing to comply with the Court's order. (Court Doc. 8.) Thus, the deadline for filing a response was calculated as of September 8, 2005, the date the order was re-served. (Court Doc. 8.) Respondent timely filed a motion to dismiss for failure to exhaust the state court remedies on October 6, 2005. (Court Doc. 13.) On November 17, 2005, the Magistrate Judge issued Findings and Recommendations to grant Respondent's motion to dismiss. (Court Doc. 15.) On November 17, 2005, Petitioner filed a motion to delete the unexhausted claim. (Court Doc. 17.) On January 4, 2006, the Findings and Recommendations were vacated and Respondent was directed to file a response to the amended petition, which was filed on January 3, 2006. (Court Docs. 19, 20.)

On March 3, 2006, Respondent filed a motion to dismiss for untimeliness in light of the Supreme Court's recent decision in Evans v. Chavis, 546 U.S. 189 (January 10, 2006). (Court Doc. 21.) Although Respondent had previously filed a motion to dismiss on exhaustion grounds, the renewed motion to dismiss was based on a subsequent change in the law when the Supreme Court issued its opinion in Evans v. Chavez. In Chavez, the Supreme Court clarified its view of unreasonable state court delays finding that when a state court denies the habeas petition without any explanation or indication as to timeliness, federal district courts must conduct their own inquiries regarding whether the state petitions were filed within a "reasonable" time. Chavis, 546 U.S. 189; 126 S.Ct. at 852.

Rule 15(a) of the Federal Rules of Civil Procedure provides, in relevant part:
(a) Amendments. A party may amend the party's pleading once as a matter of

3

course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may amend it at anytime within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Factors to be considered when ruling on a motion to amend a habeas corpus petition include bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether or not the party has previously amended his pleadings. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir.1995). Amendment may be disallowed if the amendment would be futile, such as where the amended matter is duplicative or patently frivolous, or where the pleading presents no new facts but only new theories and provides no satisfactory explanation for failure to fully develop the contentions originally. Id. Further, amendment may be prohibited in order to avoid a court's having to entertain piecemeal litigation or collateral proceedings advanced with a purpose to vex, harass, or delay. Franklin v. Murphy, 745 F.2d 1221, 1235-1236 (9th Cir.1984). Because Respondent has already responded to the petition, amendment may only occur by leave of court. This was Respondent's first attempt to amend the response. There is no indication that the proposed amended motion was offered in bad faith or with a purpose to vex, harass, or delay. Moreover, the delay in raising the further argument of an affirmative defense is due to a change in the law. Any prejudice to Petitioner was mitigated by affording Petitioner an opportunity to respond to the amended motion. Considering all factors, good cause existed for allowing Respondent to file a renewed motion raising the statute of limitations defense.[1]

Based on the foregoing, Petitioner has simply failed to demonstrate relief under Rule 60(b)(6), and the motion for reconsideration must be DENIED.

IT IS SO ORDERED.

**Dated:   February 7, 2007**                             **/s/ Oliver W. Wanger**
emm0d6                                                         UNITED STATES DISTRICT JUDGE

---

[1] Petitioner appears to take issue with the fact that had Respondent been properly served with the May 19, 2005, order to respond, an answer to the petition would have been filed prior to the Supreme Court's decision in Evans v. Chavez. However, Petitioner is advised that even so, Respondent would still have been authorized under Rule 15(a) to seek and be granted leave to file a motion to dismiss in light of the new authority.

4